**UNITED STATES of America**

v.

**Chaney L. PHILLIPS and Emerson C. Newman.**

**Criminal Action No. 97–68–B–M3.**

United States District Court, M.D. Louisiana.

Aug. 13, 1998.

Mary Patricia Jones, U.S. Attorney's Office, Baton Rouge, LA, for U.S.

Duncan S. Kemp, III, Kemp & Travis, Hammond, LA, Michael S. Fawer, Covington, LA, for Defendants.

## RULING

POLOZOLA, District Judge.

This matter is before the Court on defendant Phillip's motion to reconsider defendant's motion to dismiss count 4 of the indictment which charged the defendant with a violation of 18 U.S.C. § 666.[1] Phillips also seeks dismissal of counts 5 through 14 which allege violations of 18 U.S.C. § 1956(a)(1)(B)(i) and 2 and describes the unlawful activity as "theft in connection with a federally funded program in violation of title 18 U.S.C. § 666". Phillips further filed a Rule 29 motion for judgment of acquittal at the close of all of the evidence and a post verdict motion for judgment of acquittal based on the same claim.[2] The defendant had previously sought dismissal of these

---

1. Rec. Doc. No. 196. The motion addressed issues other than the motion to dismiss count 4, but this opinion will only discuss count 4.

2. The Rule 29 motions for judgment of acquittal were based on a number of grounds. This opinion will only discuss the Rule 29 motions insofar as they pertain to the validity of the claims filed against Phillips under 18 U.S.C. § 666.

claims on a pretrial motion, at which time the Court denied the motion. For the oral reasons previously assigned and for written reasons to follow, the motion to reconsider and defendant's Rule 29 motions for judgment of acquittal are denied.

Phillips contends that he is not subject to prosecution pursuant to 18 U.S.C. § 666 on the grounds that he is not an agent of a local government which receives benefits in excess of $10,000 under a federal program. It is clear that Phillips served as tax assessor for St. Helena Parish during the time in question. It is also clear that the Parish of St. Helena received more than $10,000 in federal funds during the applicable one year period. The tax assessor's office itself did not receive any federal funds. Under *Salinas v. United States,*[3] the United States Supreme Court held that "the text of § 666(a)(1) is unambiguous on the point under consideration here, and it does not require the Government prove federal funds were involved in the bribery transaction."[4] However, in order to be subject to prosecution under section 666, the defendant must be an agent of St. Helena Parish. Thus, the key issue the Court must decide is whether or not the St. Helena Parish Tax Assessor is an agent of a local government agency, specifically St. Helena Parish, under section 666. The defendant contends that the assessor is not an agent of the parish under the statute. The United States disputes this point.

While the parties make much of whether or not the defendant is an agent of the parish under state law, the Court will base its inquiry on whether or not Phillips was an agent of St. Helena Parish under the applicable definitions found in the statute and case law.

Section 666(d)(3) defines "government agency" as "a subdivision of the executive, legislative, judicial, or other branch of government, including a department, independent establishment, commission, administration, authority, board, and bureau ...." Both

St. Helena Parish and the St. Helena Parish Assessor's office fall within this definition of a government agency.

Section 666(d)(1) defines an agent as "a person authorized to act on behalf of another person or a government and, in the case of an organization or government, includes a servant or employee, and a partner, director, officer, manager and representative." The parties do not dispute that Phillips was an agent of the tax assessor's office, but Phillips denies that he was an agent of the parish.

■ The arguments made by Phillips are much like those made by the defendants in *United States v. Moeller.*[5] There the defendants were officials of Texas Federal Inspection Service (TFIS). TFIS was jointly supervised by the United States Department of Agriculture and the Texas Department of Agriculture (TDA). TFIS did not receive $10,000 in federal benefits, but TDA did. The *Moeller* defendants argued that TFIS and TDA were two separate government agencies under the statute, they were solely agents of TFIS, and, therefore, they were not subject to section 666. The Fifth Circuit found that "[t]he critical inquiry is not the role of the TFIS and whether it interposes a separate entity shielding any violations of the statute, but the role of the defendants."[6] The court went on to find that while "TFIS and TDA are both indisputably 'government agencies,'" these defendants were agents of both agencies based on the functions they performed.[7] Thus, a person may be the agent of more than one government agency depending on the functions that person performs.[8]

■ Considering the duties that defendant Phillips performed as the assessor, the Court concludes that, under 18 U.S.C. § 666, Phillips was an agent of St. Helena Parish. The assessor's primary function is to assess the value of real property within the parish for the parish ad valorem property tax. In per-

3. —— U.S. ——, 118 S.Ct. 469 at 475, 139 L.Ed.2d 352 (1997).

4. *Salinas,* —— U.S. at ——, 118 S.Ct. at 475.

5. *U.S. v. Moeller,* 987 F.2d 1134, (5th Cir.1993).

6. *Moeller,* 987 F.2d at 1137.

7. *Moeller,* 987 F.2d at 1137–38.

8. *Moeller,* 987 F.2d 1134; *See also U.S. v. Pretty,* 98 F.3d 1213, 1219 (10th Cir.1996) (state deputy treasurer found to be agent of the state as well as of the Treasurer based on the duties she performed).

forming those duties, he is clearly acting as an agent of the parish. Additionally, the assessor is elected solely by the residents of the parish. The assessor receives funding and property from other parish bodies.[9] The Louisiana Constitution names the assessor as a parish official.[10] The testimony at trial indicated that the St. Helena Police Jury provided funding to the assessor's office. Certain expenditures by the assessor's office had to be approved by the parish policy jury. Checks of the Assessor's office introduced into evidence included a stamp of St. Helena Parish. Based on the evidence introduced at trial and the other evidence in the record, it is clear that the St. Helena Tax Assessor is an agent of the parish. Since agents of St. Helena Parish are covered under section 666, Phillips is subject to prosecution under the statute.

Defendant has attempted to argue that section 666 is unconstitutional as applied here. Defendant did not raise this argument until months after the deadline for pre-trial motions expired. As defendant showed no good cause for his failure to raise the matter timely, the issue is deemed waived pursuant to Rule 12(f) of the Federal Rules of Criminal Procedure. Even if the issue was timely raised, the Court finds the statute is constitutional under the facts of this case.

Phillips also seeks dismissal of counts 5 through 14 because the counts fail to meet the minimum $5000 threshold in 18 U.S.C. § 666 to constitute the specified unlawful activity required by 18 U.S.C. § 1956. This argument is without merit. Counts 5 through 14 properly charge a crime, and the evidence presented at the trial supports Phillip's conviction.

Therefore:

IT IS ORDERED that Phillips' motion for reconsideration be and it is hereby DENIED.

IT IS FURTHER ORDERED that Phillips' motions for Rule 29 judgment of acquit-

---

9. La. Rev. Stat. 47:1908; La. Rev. Stat. 33:4713.

10. La. Const. Art. 6 § 5(G).

1. Judith A. Wain was the Executive Director of the Minnesota Board of Teaching. On her de-

---

tal on counts 4 through 14 are hereby DENIED.